[Crim. No. 298.   Third Appellate District.   May 27, 1915.]

THE PEOPLE, Appellant, v. J. O. BIGELOW, Respondent.

CRIMINAL LAW—DISMISSAL OF INDICTMENT.—The order of dismissal of the indictment in this case is affirmed on the authority of *People v. Knowles,* (Crim. No. 297), *ante,* p. 498.

APPEAL from an order of the Superior Court of Tuolumne County dismissing an indictment.   G. W. Nicol, Judge.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Appellant.

J. C. Webster, and F. P. Otis, for Respondent.

THE COURT.—Defendant was indicted for having violated the Local Option Law.   Before the indictment was found he was subpoenaed to appear as a witness before the grand jury, as in the case of *People* v. *Knowles,* (Crim. No. 297), *ante,* p. 498, this day decided.   When before the grand jury the district attorney informed him of the nature of the charge against him then under investigation, to which he added: "Now, of course, the grand jury can't require of you any testimony being you are an interested party, or compel you to testify; they can simply give you an opportunity to explain this matter away, if you wish; of course, any testimony

you give is really considered a free and voluntary statement on your part and not compulsory, and if any testimony is given it can be used against you if it is detrimental in any manner; now, with this statement, do you wish to make a statement in connection with this matter? Mr. Bigelow: I would like to; I would be willing to.'' His testimony then follows and was used in finding the indictment.

When brought to trial defendant made a motion to dismiss the indictment and discharge defendant upon the ground stated in *People* v. *Knowles* and the court granted the motion. The appeal is from this order and presents the same questions involved in *People* v. *Knowles.* If there is any substantial difference between that case and the present one it tends to strengthen the view we have taken in the Knowles case and to confirm the opinion we have felt constrained to express.

The order is affirmed.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 26, 1915, and the following opinion then rendered thereon.

THE COURT.—The application for hearing in this court after decision by the district court of appeal of the third district is denied, for the reasons stated in our opinion filed in denying such a petition in the case of *People* v. *Knowles,* (Crim. No. 297), *ante,* p. 498.